IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

ELBONY GRANT,

    Plaintiff,

v.

OXYGEN DEVELOPMENT, LLC,
a Florida limited liability company,

    Defendant.
_____/

## COMPLAINT

COMES NOW, the Plaintiff, ELBONY GRANT, by and through her undersigned counsel hereby files this complaint against Defendant, OXYGEN DEVELOPMENT, LLC, and as grounds therefore states as follows:

## JURISDICTION, PARTIES, AND VENUE

1.  Plaintiff brings this claim for violation of the Families First Coronavirus Response Act ("FFCRA") under the authority of 29 U.S.C. § 826 and the Fair Labor Standards Act ("FLSA") under the authority of 29 U.S.C. § 201, *et. seq.*

2.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1441(b). Jurisdiction is proper in this forum insofar as the matter involves a federal question, namely a violation of 29 U.S.C. § 826; and 29 U.S.C. § 201, *et. seq.*

3.  Venue is proper in this Court because Plaintiff's claims arose in Florida, specifically in Palm Beach County, and all the acts complained of occurred in this judicial district and gave rise to the claims alleged.

4. At all times relevant to this Complaint, Plaintiff was a resident of Palm Beach County, Florida and is otherwise sui juris.

5. Jurisdiction is based on 29 U.S.C. § 1331 (federal question jurisdiction).

6. Venue is proper because Defendant is located in Palm Beach County and the substantial part, if not all, of the events giving rise to this cause of action occurred in Palm Beach County, Florida. 28 U.S.C. § 89.

7. At all times material hereto, Plaintiff was an employee as that term is defined under the FFCRA and the FLSA.

8. At all times material hereto, Defendant is an employer of the Plaintiff as that term is defined under the FFCRA and the FLSA.

9. Defendant has an annual gross sales volume that exceeds the FLSA statutory requirements of $500,000.00 per annum.

10. Defendant, at all times material hereto, was an enterprise engaged in interstate commerce or in the production of goods for commerce as defined in Section 3(r) and 3(s) of the Act.

11. Plaintiff's job duties were such that she herself was individually engaged in commerce or was engaged in activity affecting commerce.

12. At all times material hereto, Defendant was a private entity employing fewer than 500 employees.

## COMMON ALLEGATIONS

13. Plaintiff was employed with Defendant from August 7, 2017 up to and including her separation on April 2, 2020.

14. Plaintiff was on maternity leave until December 23, 2019 when she returned to work.

15. Prior to her maternity leave she held the position of Project Manager.

16. Upon her return from maternity leave, Defendant returned her to her position as Project Manager, however with little to not work assignments.

17. After Plaintiff objected to the position in that Defendant was not giving her any work assignments, Defendant offered her an open position in the quality department that needed to be filled.

18. In or about February 2020, Defendant moved Plaintiff to the Quality Department and changed Plaintiff's position to Analytical Lab Manager, a position not substantially similar to Project Manager, the position she held when she went out on Family Medical Leave. In her position as Analytical Lab Manager, she had very few clients, and her level of responsibility and opportunities for advancement were significantly reduced.

19. Plaintiff's new position as Analytical Lab Manager was such that she acted as floater, moving around performing various miscellaneous tasks.

20. The position in the quality department began on February 3, 2020.

21. On or about March 31, 2020, was the first day of home schooling due to COVID-19 for Plaintiff's child and Plaintiff called in late to care for her child.

22. Upon her arrival at 3:00 p.m. that day, Plaintiff emailed Beata Urbanaik, her supervisor, that she needed to also take off the following morning due to COVID-19 related childcare.

23. Additionally, Plaintiff provided Urbanaik a complete proposed schedule to ensure her work duties and responsibilities were being met.

24. On or about March 31, 2020, Defendant's Human Resources department sent its employees an email in relation to the Families First Coronavirus Relief Act ("FFCRA").

25. On or about March 31, 2020, following receipt of Defendant's email regarding the FFCRA, Plaintiff requested more information about taking intermittent leave versus full leave, and requested to work from home three days per week to care for her children as a result of COVID-19.

26. In response to Plaintiff's above-referenced request for more information regarding intermittent leave versus full leave, Defendant prompted Plaintiff to work out an arrangement first with Urbanaik, however Plaintiff was already actively seeking an arrangement with Urbanaik regarding intermittent leave versus full leave.

27. On or about April 1, 2020, Urbanaik told Plaintiff that she could not work from home.

28. However, Defendant's denial of Plaintiff's request to work remotely was contrary to what Plaintiff expected based on an email she received from Urbanaik on March 13, 2020 with a subject "Updated Emergency Action Plan to Include Task Continuity" that listed the jobs that could be done remotely which included Plaintiff's position. (**See email dated March 13, 2020, attached as Exhibit 1**).

29. Plaintiff's duties had not changed since the March 13, 2020 email, so Plaintiff was surprised by Defendant's inflexibility to her request to work from home.

30. Following Defendant's denial of her request to work from home, Plaintiff filled out the necessary paperwork with Larissa Calls in Defendant's Human Resources department to request a leave of absence under FFCRA's emergency FMLA.

31. On or about April 2, 2020, Plaintiff followed up with calls on her request for FFCRA emergency FMLA leave.

32. On or about April 2, 2020, after Plaintiff followed up with calls regarding her request for FFCRA emergency FMLA leave, Martin Rodgers, Defendant's HR Manager, told Plaintiff she was being terminated.

33. Further, had Plaintiff's request to work from home been granted in accordance with the company's Emergency Action Preparedness Plan, Plaintiff would not have had to file for the leave of absence.

34. Plaintiff contends there were no grounds to which she was denied that request as Defendant granted other individuals similarly situated in the same department similar requests for leave, and even offered modified duties to make remote-work possible.

35. Plaintiff contends this treatment interfered with her rights and also constituted a retaliation of her FFCRA rights.

36. Since Plaintiff's request to work from home was due to her need to care for her minor child as a result of COVID-19, her request falls under FFCRA's emergency FMLA, paid leave.

## COUNT I
## RETALIATION
## FFCRA VIOLATION

Plaintiff re-alleges and incorporate paragraphs 1 through 36 as if fully set forth herein.

37. Plaintiff is an employee and a person subject to protection pursuant to the provisions of the FFCRA as that term is defined within the Act.

38. Defendant is an employer subject to the FFCRA.

39. Plaintiff requested paid leave due to her inability to work so she could care for her

school-aged child when the child's school closed as a result of COVID-19.

40. Defendant denied Plaintiff paid leave to care for her school-aged child during COVID-19.

41. By denying Plaintiff the ability to work remoting and then terminating Plaintiff's employment, Defendant violated the FFCRA.

42. As a direct and proximate result of Defendant's actions, Plaintiff has suffered harm and damages.

43. Plaintiff has suffered damages as a result of Defendant's conduct, by and through its agents, employees, and/or representatives.

44. As a further and direct proximate result of Defendant's violation of the FFCRA as heretofore described, Plaintiff has been compelled to retain the services of the undersigned law firm.

45. As a direct and proximate result of Defendant's violation of the FFCRA, Plaintiff requests that her reasonable attorney's fees and costs be awarded pursuant to the Family Medical Leave Act, 29 U.S.C. § 2617.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against Defendant as follows: that Plaintiff be awarded damages including lost wages, lost employment benefits, other compensation denied or lost to the Plaintiff by reason of the violation of the Act, interest on the amount of any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of the violation of the Acts, an additional amount as liquidated damages equal to the sum of the amount of any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of the violation of the statutes, such equitable relief as may be appropriate, including reemployment, reinstatement, and promotion, reasonable attorney's fees,

reasonable expert fees and other such costs in this action and other such relief as this Court deems just and appropriate under the circumstances.

## COUNT II
## RETALIATION
## FFCRA

Plaintiff re-alleges and incorporate paragraphs 1 through 36 as if fully set forth herein.

46. Plaintiff is an employee and a person subject to protection pursuant to the provisions of the FFCRA as that term is defined within the Act.

47. Defendant is an employer subject to the FFCRA.

48. Plaintiff requested paid leave due to her inability to work so she could care for her school-aged child when the child's school closed as a result of COVID-19.

49. By requesting paid leave due to Plaintiff's inability to work as a result of her need to care for her school-aged child during COVID-19, Plaintiff engaged in protected activity under the FFCRA.

50. By denying her the ability to work remoting and then terminating Plaintiff's employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FFCRA.

51. Defendant's aforementioned conduct violates the FFCRA.

52. As a direct and proximate result of Defendant's actions, Plaintiff has suffered harm and damages.

53. Plaintiff has suffered damages as a result of Defendant's conduct, by and through its agents, employees, and/or representatives.

54. As a further and direct proximate result of Defendant's violation of the FFCRA as heretofore described, Plaintiff has been compelled to retain the services of the undersigned law

firm.

55. As a direct and proximate result of Defendant's violation of the FFCRA, Plaintiff requests that her reasonable attorney's fees and costs be awarded pursuant to the Family Medical Leave Act, 29 U.S.C. § 2617.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against Defendant as follows: that Plaintiff be awarded damages including lost wages, lost employment benefits, other compensation denied or lost to the Plaintiff by reason of the violation of the Act, interest on the amount of any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of the violation of the Acts, an additional amount as liquidated damages equal to the sum of the amount of any wages, salary, employment benefits, and other compensation denied or lost to Plaintiff by reason of the violation of the statutes, such equitable relief as may be appropriate, including reemployment, reinstatement, and promotion, reasonable attorney's fees, reasonable expert fees and other such costs in this action and other such relief as this Court deems just and appropriate under the circumstances.

## COUNT III
## RETALIATION
## FLSA

Plaintiff re-alleges and incorporate paragraphs 1 through 36 as if fully set forth herein.

56. By pursuing her rights under the FFCRA, Plaintiff engaged in protected activity under the FLSA.

57. By terminating Plaintiff's employment, Defendant retaliated against Plaintiff for engaging in protected activity under the FLSA.

58. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

59. Plaintiff was an eligible employee as defined by Section 3(e) of the FLSA (29 U.S.C. § 203(e)), who is "caring for a son or daughter of such employee if the school or place of care of the son or daughter has been closed, or the childcare provider of such son or daughter is unavailable, due to COVID-19 precautions." under the FFCRA, § 5102(a)(5).

60. Defendant knew that Plaintiff was an eligible employee within the meaning of the FLSA and the FFCRA.

61. Plaintiff was entitled to paid sick leave for the two-week period that she needed to care for her school-aged child whose school was closed due to COVID-19 precautions.

62. Plaintiff was also entitled to an additional ten (10) weeks at 2/3 pay in that she needed to take care of her school-aged child whose school was closed due to COVID-19 precautions.

63. Defendant was required to pay Plaintiff's "regular rate of pay up to $511 per day, and $5,110.00 in the aggregate" for the two-week emergency paid sick leave period due to COVID-19 concerns. *See id.* at § 5110(5)(A)(ii)(I).

64. Defendant was also required to pay Plaintiff for an additional ten (10) weeks at 2/3 Plaintiff's pay in that she needed to take care of her school-aged child whose school was closed due to COVID-19 precautions.

65. Defendant denied Plaintiff leave under the Emergency Paid Sick Leave Act of the FFCRA and failed to compensate her for her regular rate of pay for the required 80-hour sick leave period, as well as for an additional ten (10) weeks of pay at 2/3 her rate of pay.

66. An employer who fails to pay an employee her regular rate of pay under the FFCRA is "considered to have failed to pay minimum wages in violation of section 6 of the FLSA (29 U.S.C. § 206)." *Id.* at § 5105(a)(1).

67. It is also unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee" who exercises his rights to "take leave in accordance with this Act." *Id.* at § 5104. "An employer who willfully violates section 5104 shall . . . be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. § 215(a)(3))." *Id.* at § 5105(b)(1).

68. Additionally, an employer who in any way disciplines, discriminates or retaliates against, and/or discharges an employee in violation of this Act is subject to the penalties described in sections 16 and 17 of the FLSA (29 U.S.C. § 216, 217) with respect to such violation. *Id.* at § 5105(b)(2). Penalties under sections 16 and 17 of the FLSA include, but are not limited to, lost wages, liquidated damages, and attorney's fees and costs. *See* FLSA, 29 U.S.C. § 216; 217.

69. Defendant willfully (1) denied Plaintiff's request for qualifying paid sick leave under the FFCRA and FLSA; (2) failed to compensate Plaintiff her regular wages for same; (3) refused to allow her to work from home following her qualifying paid sick leave (while Defendant granted other individuals similarly situated in the same department similar requests for leave, and even offered modified duties to make remote-work possible); and (4) terminated Plaintiff in retaliation for her request for emergency paid sick leave and her COVID-19 concerns in violation of the FFCRA and the FLSA.

70. Defendant's actions constitute violations of the FFCRA and the FLSA.

WHEREFORE, Plaintiff prays that judgment be entered in her favor against Defendant as follows: The Plaintiff be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiff be awarded reasonable attorneys' fees and costs of suit pursuant to 29 U.S.C.A. §216; and that Plaintiff be awarded other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury on all issues so triable.

Dated this 2nd day of December 2021.

        SCOTT WAGNER & ASSOCIATES, P.A.
        Jupiter Gardens
        250 South Central Boulevard
        Suite 104-A
        Jupiter, FL 33458
        Telephone: (561) 653-0008
        Facsimile: (561) 653-0020

        s/Pamela N. Jorgensen
        Pamela N. Jorgensen Esq.
        Florida Bar Number 1008151
        Primary e-mail: PJorgensen@scottwagnerlaw.com
        Secondary e-mail: mail@scottwagnerlaw.com
        Secondary Address: 101 Northpoint Parkway
        West Palm Beach, FL 33407
        www.ScottWagnerLaw.com